WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
*Attorneys for Plaintiff Alan Curt Shufelt*

RAELENE K. PALMER
Nevada Bar No. 8602
GALLIAN WELKER & BECKSTROM, L.C.
540 E. St. Louis Avenue
Las Vegas, Nevada 89104
Phone: (702) 892-3500
Fax: (702) 386-1946
Email: rpalmer@vegascase.com
*Attorneys for Plaintiff Alan Curt Shufelt*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALAN CURT SHUFELT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OWENS PRECISION, INC., a Domestic Corporation; BRUCE HARMON, an individual; AMANDA HIGHTOWER, an individual,<br><br>Defendant. | CASE NO: 3:18-cv-00079-MMD-VPC<br><br>**PLAINTIFF'S MOTION TO ENLARGE TIME TO EFFECT SERVICE OF PROCESS ON DEFENDANTS HARMON AND HIGHTOWER** |

COMES NOW Plaintiff ALAN CURT SHUFELT, by and through his counsel, William J. Geddes, Esq. of the law firm THE GEDDES LAW FIRM, P.C. and Raelene K. Palmer, Esq. of the law firm GALLIAN WELKER & BECKSTROM, L.C., and files *Plaintiff's Motion to Enlarge Time to Effect Service of Process on Defendants Harmon and Hightower* ("*Motion*") in the above-captioned matter. This *Motion* is made pursuant to the following Points and Authorities, the pleadings and papers on file in this action, the Declaration of *William J. Geddes* ("*Declaration*"), and any oral arguments the Court may entertain at any hearing set for this matter. This is the first request for such an enlargement of time.

## I. INTRODUCTION

### A. CASE OVERVIEW

This is an employment-discrimination case arising under the Americans with Disabilities Act. For over seventeen years, Plaintiff Alan Curt Shufelt worked as a machinist at Owens Precision, Inc., a manufacturing-services company located in Carson City, Nevada. During his tenure, from December 19, 1999 through February 3, 2017, Plaintiff was promoted to the position of lead machinist. Plaintiff alleges herein that he suffered discrimination based on his disabilities, arising from workplace injuries to his left shoulder and rotator cuff. Defendants refused to accommodate his disabilities, harassed him, retaliated against him, failed to engage in the interactive process, and fired him. After Defendants fired Plaintiff, their unlawful retaliation continued, when they wrongfully disparaged Plaintiff to third parties, including prospective employers, stating that he was incompetent, that he was fired for non-performance, and that he was not eligible for rehire because he filed many worker's compensation claims. Plaintiff's supplemental, state-tort claims assert causes of action for: (1) tortious discharge in violation of public policy—relating to Defendants' termination of Plaintiff in retaliation for Plaintiff having sought worker's compensation benefits for his workplace injuries/disabilities; (2) invasion of privacy—relating to Defendants' wrongful disclosure of private facts concerning Plaintiff's historical filing of worker's-compensation claims, which implicates his private medical information and disabilities, the confidentiality of which is protected under the ADA and other law; and (3) defamation. Plaintiff seeks monetary, equitable, and injunctive relief.

### B. PROCEDURAL BACKGROUND

On February 26, 2018, Shufelt filed his *First Amended Complaint* ("*Complaint*") in the above-captioned matter. (ECF 004.) The 90-day, service-of-process, measured from when the original complaint was filed on February 22, 2018, deadline will run on Wednesday, May 23, 2018. *See* Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(m). Shufelt attempted service on all three Defendants, as follows:

1. On April 25, 2018, Shufelt served the *Summons* and *Amended Complaint* on Owens Precision, Inc., by serving its registered agent, James Owen at the business address of Owens Precision, 5966 Morgan Mill Road, Carson City, NV 89701-1449. (*See* ECF 007 (Summons Returned Executed,

*Declaration of Service* filed herein));

2. On April 25, 2018, Shufelt attempted to serve the *Summons* and *Amended Complaint* on Defendant Bruce Harmon on April 25, 2018 at his place of employment, at the business address of Owens Precision, 5966 Morgan Mill Road, Carson City, NV 89701-1449. (*See* ECF 008 (Summons Returned Unexecuted, *Declaration of Service* filed herein)). However, an Owens Precision employee named Maura Lens advised the process server that Defendant Harmon was fired, and service of process could not be made on Defendant Harmon at that location (*See Id.*);

3. On April 25, 2018, Shufelt attempted to serve the *Summons* and *Amended Complaint* on Defendant Amanda Hightower on April 25, 2018 at her place of employment, at the business address of Owens Precision, 5966 Morgan Mill Road, Carson City, NV 89701-1449. (*See* ECF 009 (Summons Returned Unexecuted, *Declaration of Service* filed herein)). However, an Owens Precision employee named Maura Lens advised the process server that Defendant Hightower was fired, and service of process could not be made on Defendant Harmon at that location (*See Id.*); and

4. Subsequently, Plaintiff's Counsel has conferred with Ms. Elizabeth M. Bittner, counsel for Defendant Owens Precision, and learned that Ms. Bittner has authority from her client Owens Precision, Inc. to represent Defendants Harmon and Hightower, and she will be meeting with them during the week of May 21, 2018. Plaintiff's counsel presumes this means that Ms. Bittner will likely represent all three Defendants in this case, provided no conflicts of interest arise after her meeting with Defendants Harmon and Hightower. (*See* **Ex. 1**, *Declaration*, ¶¶ 1-9.)

This *Motion* seeks sixty (60) days' additional time to serve Defendants Harmon and Hightower, **up to and including, Monday July 22, 2018**.[1] Sixty days is required because, Plaintiff intends to first wait and see if Ms. Bittner can accept service of process for Defendants Harmon and Hightower, and, if not, then thereafter, Plaintiff will need to discover the last-known address of Defendants Harmon and Hightower, and attempt service of process at their residences.

///

---

[1] The sixtieth (60th) day following Wednesday, May 23, 2018 will fall on a Sunday. Thus, this deadline is advanced to the next Court business day, pursuant to Federal Rule of Civil Procedure 6.

3

## II. LEGAL ARGUMENT

### A. RULE 4(m) GOVERNS SERVICE OF PLEADINGS

Fed. R. Civ. P. 4(m) governs the time limit for service of pleadings and allows parties to obtain extensions of time to effect service of process beyond 90 days:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

### B. RULE 6(b) ALLOWS PARTIES TO EXTEND DEADLINES

Separately, Fed. R. Civ. P. 6 (b) also permits parties to ask the Court to extend litigation deadlines: "if a request is made before the original time or its extension expires." Fed. R. Civ. P. (b)(1)(A). However, if a motion to extend a litigation deadline is made *after* the deadline has expired, then the party show excusable neglect to extend the deadline. Fed. R. Civ. P. 6 (b)(1)(B). Here, Plaintiff requests an enlargement of time to effect service of process on Defendants *before* the 90-day-service deadline has expired. Accordingly, the more lenient standard of "good cause" applies, not "excusable neglect." *See* Fed. R. Civ. P. (b)(1)(A). Support for this lenient standard can also be found in Fed. R. Civ. P. 4(m), which allows *even post-deadline* requests for additional time to effect service of process on defendants to be granted for "good cause." Fed. R. Civ. P. 4(m). Good cause supports Plaintiff's request here for additional time to effect service of process on Defendants Harmon and Hightower, **up to and including, Monday July 22, 2018**.

### C. GOOD CAUSE EXISTS TO EXTEND THE SERVICE-PERIOD

Plaintiff reasonably attempted to effect service of process of Defendants Harmon and Hightower at their place of employment, Owens Precision. However, the process server was advised that both defendants had been fired. Subsequently, Plaintiff's counsel attempt to expedite matters by having counsel for Owens Precision, Inc. accept service of process, which is being attempted at this time and appears that such efforts will be successful.

Such efforts do not suggest that Plaintiff was neglectful in attempting service of process, but even if the failure to serve these Defendants arose through neglect, it would be excusable neglect. A court's finding of "excusable neglect" can excuse not only the negligence, carelessness, and inadvertent mistake of a party, but also that of a party's counsel. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1220 and 1223 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 (1993).) In *Bateman*, the Ninth Circuit Court of appeals addressed the meaning of "excusable neglect," to clarify:

> In *Briones*, 116 F.3d at 381, we noted that *Pioneer* changed our law on excusable neglect. Before *Pioneer,* we had held that "ignorance of court rules does not constitute excusable neglect" and had applied a *per se* rule against the granting of relief when a party failed to comply with a deadline. See *Briones*, 116 F.3d 381, 382. After *Pioneer*, however, we recognized that the term covers cases of negligence, carelessness and inadvertent mistake. *See id.* at 381.

*Bateman*, 213 F.3d at 1224 (citing *Pioneer*, 507 U.S. at 395).

The important judicial policy of adjudicating cases on their merits, rather than dismissing cases for failure to comply with procedural rules, can be gleaned from the case of *Mayweather v. Wine Bistro*, LLC, No. 2:13-cv-210-JAD-VCF (D. Nev. October 4, 2013). In *Mayweather*, the plaintiff had filed a motion to extend time to serve the pleadings on some of the defendants outside the 120-day service period, after having failed to attempt such service within the 120-day service period. *Mayweather*, No. 2:13-cv-210, at p. 11. With respect to the plaintiff's delay in attempting to serve one of the defendants, such attempts were not made until "two full months after the 120-day period ran." *Mayweather*, No. 2:13-cv-210, at p. 11. The *Mayweather* Court found that the plaintiff had failed to demonstrate good cause for extending the 120-day service period as to three of the defendants. *Id.*, at p. 12. Nevertheless, the district court still allowed the extension of time to serve the defendants, as requested, noting that, "Where no good cause is shown, the Court has discretion to extend the time period." *Mayweather*, No. 2:13-cv-210, at p. 12 (citing *U.S. v. 2,164 Watches More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); and *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)).

Here, Shufelt submits that good cause and/or excusable neglect has been shown above, based on the service-attempt efforts stated above. As well, good cause is shown by Plaintiff's attempt to effect

service of process on Defendants Harmon and Hightower within the 90-day period, but such service was rejected. As well, Plaintiff has attempted in good faith to effect substitute service of process effected on Defendants Harmon and Hightower through Owens Precision Inc.'s counsel, Ms. Bittner. There will be no unfair prejudice to the Defendants because the case is still in its beginning stages and no Defendant has yet made an appearance in this action or filed an answer or responsive motion to the *Complaint*. Good cause exists to extend the deadline to effect service of process on Defendants Harmon and Hightower **up to and including, Monday July 22, 2018**.

### III. CONCLUSION

FOR ALL THE FOREGOING REASONS, Plaintiff respectfully requests that the Court extend the deadline to effect service of process on Defendant Defendants Harmon and Hightower **up to and including, Monday July 22, 2018**. This is the first request for such an enlargement of time for Defendant Defendants Harmon and Hightower, and this request is not offered for any dilatory or improper purpose.

Dated this 22nd Day of May 2018.

THE GEDDES LAW FIRM, P.C.

_____
WILLIAM J. GEDDES
Nevada Bar Number 6984
The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
(775) 853-9455

*Attorneys for Plaintiff Alan Curt Shufelt*

IT IS SO ORDERED
_____
U.S. MAGISTRATE JUDGE
DATED: June 19, 2018

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Geddes Law Firm, P.C., and that on **May 22, 2018**, I caused to be served a copy of the foregoing *Plaintiff's Motion to Enlarge Time to Effect Service of Process on Defendant Harmon and Hightower (First Request)* by email and deposit in the U.S. Mail, first-class postage prepaid, addressed to:

Elizabeth M. Bittner, Esq.
Bittner Legal LLC
316 California Ave. #426
Reno, NV 89509
Tel (775) 720-9197
elizabeth@bittnerlegal.com

*Attorneys for Defendants Owens Precision, Inc.*

/s/ William Geddes
WILLIAM J. GEDDES
An employee of the Geddes Law Firm, P.C.

7

**EXHIBIT LIST**

<u>Exhibit No.</u>   <u>Description</u>

**EX. 1**   DECLARATION OF WILLIAM J. GEDDES

# EXHIBIT 1

Declaration of William J. Geddes In Support Of
Motion to Enlarge Time to Effect Service of Process on
Defendants Harmon and Hightower

# EXHIBIT 1

WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Attorneys for Plaintiff Alan Curt Shufelt

RAELENE K. PALMER
Nevada Bar No. 8602
GALLIAN WELKER & BECKSTROM, L.C.
540 E. St. Louis Avenue
Las Vegas, Nevada 89104
Phone: (702) 892-3500
Fax: (702) 386-1946
Email: rpalmer@vegascase.com
Attorneys for Plaintiff Alan Curt Shufelt

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALAN CURT SHUFELT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> OWENS PRECISION, INC., a Domestic Corporation; BRUCE HARMON, an individual; AMANDA HIGHTOWER, an individual, <br><br> Defendant. | CASE NO: 3:18-cv-00079-MMD-VPC <br><br> DECLARATION OF WILLIAM GEDDES <br><br> In Support of <br><br> PLAINTIFF'S MOTION TO ENLARGE TIME TO EFFECT SERVICE OF PROCESS ON DEFENDANTS HARMON AND HIGHTOWER |

I, Declarant William J. Geddes, depose and state:

1. I am employed by the Geddes Law Firm, P.C., and in the course and scope of my duties as an attorney, I am assigned to handle the above-captioned matter, representing the Plaintiff;

2. I have knowledge of the matters asserted herein and am competent to testify thereto, save for those matters asserted on information and belief, and for those matters, I am informed and believe them to be true;

3. I offer this Declaration in support of Plaintiff's Motion to Enlarge Time to Effect

1

1  Service of Process on Defendants Harmon and Hightower (the "Motion");

2      4.    On May 14, 2018, after service of process of the Summons and Amended Complaint was attempted and failed on Defendants Harmon and Hightower, I spoke with a woman who identified herself to be Ms. Elizabeth Bittner, counsel for Defendant Owens Precision, Inc., in the above-captioned matter;

    5.    During our phone call, Ms. Bittner requested an extension of time to file a responsive pleading on behalf of Defendant Owens Precision, Inc., and I granted that request;

    6.    During our phone call, I asked Ms. Bittner if she could accept service of process for the co-Defendants Harmon and Hightower, who were employees or former-employees of Owens Precision, Inc., and Ms. Bittner stated she would look into the matter and get back in touch with me;

    7.    Subsequently, on May 18, 2018, Ms. Bittner advised me that she had authority to accept service of process for Defendants Harmon and Hightower from her client, Owens Precision, but she still had to meet with Defendants Harmon and Hightower, during the week of May 21, 2018, which I presume means that she believes that she will be representing them and has no conflicts of interest in a joint representation.

    8.    In his Motion, Plaintiff has requested additional time to effect service of process on Defendants Harmon and Hightower. Presuming that Ms. Bittner will be representing Defendants Harmon and Hightower, service of process will be effected by means of an acceptance of service by Ms. Bittner. However, if for some reason, Ms. Bittner is unable to represent Defendants Harmon and Hightower in this case, or if a conflict of interest arises based on her meetings with them, then service of process will be effected by other means.

    9.    Based on the foregoing, and out of an abundance of caution, it is prudent to request additional time to effect service of process on Defendants Harmon and Hightower, which original service deadline expires tomorrow, Wednesday, May 23, 2018;

///
///
///
///

The Geddes Law Firm, P.C.
6600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

FURTHER DECLARANT SAYETH NAUGHT.

Pursuant to 28 U.S.C. § 1746, Declarant herein certifies, under penalty of perjury, that the foregoing is true and correct.

Executed on this 22nd day of May 2018.

_____
Declarant William J. Geddes