WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
*Attorneys for Plaintiff Alan Curt Shufelt*

RAELENE K. PALMER
Nevada Bar No. 8602
GALLIAN WELKER & BECKSTROM, L.C.
540 E. St. Louis Avenue
Las Vegas, Nevada 89104
Phone: (702) 892-3500
Fax: (702) 386-1946
Email: rpalmer@vegascase.com
*Attorneys for Plaintiff Alan Curt Shufelt*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**  ORDER

| | |
|---|---|
| ALAN CURT SHUFELT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OWENS PRECISION, INC., a Domestic Corporation; BRUCE HARMON, an individual; AMANDA HIGHTOWER, an individual,<br><br>Defendant. | CASE NO: 3:18-cv-00079-MMD-VPC<br><br>**PLAINTIFF'S MOTION TO ENLARGE TIME TO EFFECT SERVICE OF PROCESS ON DEFENDANT HIGHTOWER**<br><br>(Second Request) |

COMES NOW Plaintiff ALAN CURT SHUFELT, by and through his counsel, William J. Geddes, Esq. of the law firm THE GEDDES LAW FIRM, P.C. and Raelene K. Palmer, Esq. of the law firm GALLIAN WELKER & BECKSTROM, L.C., and files *Plaintiff's Motion to Enlarge Time to Effect Service of Process on Defendant Hightower (Second Request)* ("*Motion*") in the above-captioned matter. This *Motion* is made pursuant to the following Points and Authorities, the pleadings and papers on file in this action, the Declaration of *William J. Geddes* ("*Declaration*") attached hereto as **Exhibit 1**, and any oral arguments the Court may entertain at any hearing set for this matter. This is the second request for such an enlargement of time, as to Defendant Hightower.

1

## I. INTRODUCTION

### A. CASE OVERVIEW

This is an employment-discrimination case arising under the Americans with Disabilities Act. For over seventeen years, Plaintiff Alan Curt Shufelt worked as a machinist at Owens Precision, Inc., a manufacturing-services company located in Carson City, Nevada. During his tenure, from December 19, 1999 through February 3, 2017, Plaintiff was promoted to the position of lead machinist. Plaintiff alleges herein that he suffered discrimination based on his disabilities, arising from workplace injuries to his left shoulder and rotator cuff. Defendants refused to accommodate his disabilities, harassed him, retaliated against him, failed to engage in the interactive process, and fired him. After Defendants fired Plaintiff, their unlawful retaliation continued, when they wrongfully disparaged Plaintiff to third parties, including prospective employers, stating that he was incompetent, that he was fired for non-performance, and that he was not eligible for rehire because he filed many worker's compensation claims. Plaintiff's supplemental, state-tort claims assert causes of action for: (1) tortious discharge in violation of public policy—relating to Defendants' termination of Plaintiff in retaliation for Plaintiff having sought worker's compensation benefits for his workplace injuries/disabilities; (2) invasion of privacy—relating to Defendants' wrongful disclosure of private facts concerning Plaintiff's historical filing of worker's-compensation claims, which implicates his private medical information and disabilities, the confidentiality of which is protected under the ADA and other law; and (3) defamation. Plaintiff seeks monetary, equitable, and injunctive relief.

### B. PROCEDURAL BACKGROUND

On February 26, 2018, Shufelt filed his *First Amended Complaint* ("*Complaint*") in the above-captioned matter. (ECF 004.) While Shufelt attempted service on all three defendants, he was initially successful in serving only Defendant Owens Precision. (*See* ECF 007 (*Declaration of Service on Defendant Owens Precision*).) Thus, Shufelt filed a motion for enlargement of time, through and including July 22, 2018, to serve the remaining co-defendants, Bruce Harmon and Amanda Hightower. (ECF 010.) That motion for enlargement was granted. (ECF 014). Initially, it was expected that counsel for Defendant Owens Precision, Elizabeth Bittner, might also represent Defendants Harmon and Hightower, if no conflict-of-interest in such joint representation arose. (*See* ECF 10-1, ¶ 7

(*Declaration of William Geddes in Support of Motion to Enlarge Time to Effect Service of Process on Defendants Harmon and Hightower*).) In this regard, Shufelt had hoped that Ms. Bittner would simply accept service of process for co-Defendants Harmon and Hightower.  However, Ms. Bittner subsequently communicated that she was unable to jointly represent co-Defendants Owens Precision, Harmon, and Hightower, due to a possible conflict of interest in such a joint representation. (*See* **Exhibit 1**, at ¶¶ 1-5.)

Accordingly, Shufelt undertook to serve co-Defendants Harmon and Hightower at the last-known addresses supplied by Ms. Bittner. (**Exhibit 1**, ¶¶ 6-8.) Subsequently, on June 19, 2018, Shufelt timely served the summons and *Amended Complaint* on Defendant Harmon at his last-known address, within the extended time period allowed by the Court. (ECF 015 (*Notice of Summons Returned Executed on Defendant Bruce Harmon* with attached *Declaration of Service* for the same).) Shufelt also attempted, but failed, to effect service of process on Defendant Amanda Hightower at her last-known address, within the extended time period allowed by the Court. (ECF 016 (*Notice of Summons Returned Unexecuted on Defendant Amanda Hightower* with attached *Declaration of Service Attempts* for the same).) More specifically, such efforts attempted to effect service of process on Defendant Hightower seven times from June 19, 2018 to July 2, 2018, to no avail. (ECF 016-01.) Shufelt has now retained the services of a private investigator to attempt to track down Defendant Hightower's current address and to effect service of process on Defendant Hightower at that address. (**Exhibit 1**, at ¶ 9.) Based on the foregoing, Shufelt has diligently attempted to effect service on Defendant Hightower, but needs additional time to do so. (*See* **Exhibit 1**, at ¶ 10.) In this *Motion*, Shufelt respectfully requests an additional thirty (30) days to effect service of process of the Summons and *Amended Complaint* on Defendant Hightower, <u>**through and including Tuesday August 21, 2018**</u>.

## II. <u>LEGAL ARGUMENT</u>

### A. <u>RULE 4(m) GOVERNS SERVICE OF PLEADINGS</u>

Fed. R. Civ. P. 4(m) governs the time limit for service of pleadings and allows parties to obtain extensions of time to effect service of process beyond 90 days:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

### B. RULE 6(b) ALLOWS PARTIES TO EXTEND DEADLINES

Separately, Fed. R. Civ. P. 6 (b) also permits parties to ask the Court to extend litigation deadlines: "if a request is made before the original time or its extension expires." Fed. R. Civ. P. (b)(1)(A). However, if a motion to extend a litigation deadline is made *after* the deadline has expired, then the party show excusable neglect to extend the deadline. Fed. R. Civ. P. 6 (b)(1)(B).

Here, Shufelt requests an enlargement of time to effect service of process on Defendant Hightower *before* the extension period, allowed by the Court in ECF 014, has expired. Accordingly, the more lenient standard of "good cause" applies, not "excusable neglect." *See* Fed. R. Civ. P. (b)(1)(A). Support for this lenient standard can also be found in Fed. R. Civ. P. 4(m), which allows *even post-deadline* requests for additional time to effect service of process on defendants to be granted for "good cause." Fed. R. Civ. P. 4(m). Good cause and diligent efforts support Shufelt's request here for additional time to effect service of process on Defendant Hightower, **up to and including, Tuesday August 21, 2018**.

### C. GOOD CAUSE EXISTS TO EXTEND THE SERVICE-PERIOD

Plaintiff diligently attempted to effect service of process of Defendant Hightower, first at her place of employment, Owens Precision. However, the process server was advised that Defendant Hightower had been fired. Subsequently, Shufelt hoped to effect service of process on Defendant Hightower through counsel for Owens Precision, Inc., but a conflict-of-interest prevented joint representation by opposing counsel of Defendants Hightower and Owens Precision. Thus, Ms. Bittner was unable to accept service of process for Defendant Hightower. Thereafter, the process server retained by Shufelt attempted to effect service of process on Defendant Hightower, at her last-known address supplied by opposing counsel, seven times from June 19, 2018 to July 2, 2018, to no avail. (ECF 016-01.) Shufelt continues to exhibit due diligence in attempting to effect service of process on Defendant Hightower, by timely filing this *Motion* and retaining the services of a private investigator to

attempt to track down Defendant Hightower's current address and to effect service of process on Defendant Hightower at that address. Such efforts do not suggest that Shufelt has been neglectful in attempting service of process on Defendant Hightower, to date.

Yet even if anyone perceived such efforts to constitute neglect, any such arguable neglect would certainly be excusable neglect. A court's finding of "excusable neglect" can excuse not only the negligence, carelessness, and inadvertent mistake of a party, but also that of a party's counsel. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1220 and 1223 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 (1993).) In *Bateman*, the Ninth Circuit Court of appeals addressed the meaning of "excusable neglect," to clarify:

> In *Briones*, 116 F.3d at 381, we noted that *Pioneer* changed our law on excusable neglect. Before *Pioneer*, we had held that "ignorance of court rules does not constitute excusable neglect" and had applied a *per se* rule against the granting of relief when a party failed to comply with a deadline. See *Briones*, 116 F.3d 381, 382. After *Pioneer*, however, we recognized that the term covers cases of negligence, carelessness and inadvertent mistake. *See id.* at 381.

*Bateman*, 213 F.3d at 1224 (citing *Pioneer*, 507 U.S. at 395).

The important judicial policy of adjudicating cases on their merits, rather than dismissing cases for failure to comply with procedural rules, can be gleaned from the case of *Mayweather v. Wine Bistro*, LLC, No. 2:13-cv-210-JAD-VCF (D. Nev. October 4, 2013). In *Mayweather*, the plaintiff had filed a motion to extend time to serve the pleadings on some of the defendants outside the 120-day service period, after having failed to attempt such service within the 120-day service period. *Mayweather*, No. 2:13-cv-210, at p. 11. With respect to the plaintiff's delay in attempting to serve one of the defendants, such attempts were not made until "two full months after the 120-day period ran." *Mayweather*, No. 2:13-cv-210, at p. 11. The *Mayweather* Court found that the plaintiff had failed to demonstrate good cause for extending the 120-day service period as to three of the defendants. *Id.*, at p. 12. Nevertheless, the district court still allowed the extension of time to serve the defendants, as requested, noting that, "Where no good cause is shown, the Court has discretion to extend the time period." *Mayweather*, No. 2:13-cv-210, at p. 12 (citing *U.S. v. 2,164 Watches More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); and *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)).

Here, Shufelt submits that good cause or excusable neglect has been shown above, based on the diligent service-attempt efforts described above. Moreover, there is no unfair prejudice to the Defendants because the case is still in its beginning stages and Defendant Harmon has not yet appeared in this case (see Docket). Thus, good cause exists to extend the deadline to effect service of process on Defendant Hightower **up to and including, Tuesday August 21, 2018**.

### III. CONCLUSION

FOR ALL THE FOREGOING REASONS, Plaintiff respectfully requests that the Court extend the deadline to effect service of process on Defendant Hightower **up to and including, Tuesday August 21, 2018**. This second request for such an enlargement of time for Defendant Hightower is not offered for any dilatory or improper purpose.

Dated this 16th Day of July 2018.

THE GEDDES LAW FIRM, P.C.

_____
WILLIAM J. GEDDES
Nevada Bar Number 6984
The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
(775) 853-9455

*Attorneys for Plaintiff Alan Curt Shufelt*

IT IS SO ORDERED
_____
U.S. MAGISTRATE JUDGE
DATED: July 18, 2018

6

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Geddes Law Firm, P.C., and that on **July 16, 2018**, I caused to be served a copy of the foregoing *Plaintiff's Motion to Enlarge Time to Effect Service of Process on Defendant Hightower (Second Request)* by email and deposit in the U.S. Mail, first-class postage prepaid, addressed to:

Elizabeth M. Bittner, Esq.
Bittner Legal LLC
316 California Ave. #426
Reno, NV 89509
Tel (775) 720-9197
elizabeth@bittnerlegal.com

*Attorneys for Defendants Owens Precision, Inc.*

/s/ William Geddes
WILLIAM J. GEDDES
An employee of the Geddes Law Firm, P.C.

**EXHIBIT LIST**

<u>Exhibit No.</u>      <u>Description</u>

**EX. 1**           DECLARATION OF WILLIAM J. GEDDES

# EXHIBIT 1

**Declaration of William J. Geddes In Support Of Motion to Enlarge Time to Effect Service of Process on Defendant Hightower (2nd Request)**

# EXHIBIT 1

WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
*Attorneys for Plaintiff Alan Curt Shufelt*

RAELENE K. PALMER
Nevada Bar No. 8602
GALLIAN WELKER & BECKSTROM, L.C.
540 E. St. Louis Avenue
Las Vegas, Nevada 89104
Phone: (702) 892-3500
Fax: (702) 386-1946
Email: rpalmer@vegascase.com
*Attorneys for Plaintiff Alan Curt Shufelt*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALAN CURT SHUFELT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OWENS PRECISION, INC., a Domestic Corporation; BRUCE HARMON, an individual; AMANDA HIGHTOWER, an individual,<br><br>Defendant. | CASE NO: 3:18-cv-00079-MMD-VPC<br><br>DECLARATION OF WILLIAM GEDDES<br><br>*In Support of*<br><br>PLAINTIFF'S<br>MOTION TO ENLARGE TIME TO EFFECT SERVICE OF PROCESS ON DEFENDANT HIGHTOWER<br>(Second Request) |

I, Declarant William J. Geddes, depose and state:

1. I am employed by the Geddes Law Firm, P.C., and in the course and scope of my duties as an attorney, I am assigned to handle the above-captioned matter, representing the Plaintiff;

2. I have knowledge of the matters asserted herein and am competent to testify thereto, save for those matters asserted on information and belief, and for those matters, I am informed and believe them to be tr ue;

3. I offer this Declaration in support of *Plaintiff's Motion to Enlarge Time to Effect Service of Process on Defendant Hightower (Second Request)*;

1

4.  On June 15, 2018, Ms. Elizabeth Bittner, counsel for Defendant Owens Precision, Inc., in the above-captioned matter communicated to me that she would not be jointly representing the co-Defendants in this action, due to possible conflicts in interest in doing so;

5.  Thus, she was unable to accept service of process for co-Defendants Harmon and Hightower;

6.  However, on June 18, 2018, to aid our office in effecting service of process on co-Defendants Harmon and Hightower, Ms. Bittner provided us with the last-known addresses for these co-Defendants, as follows:

   a. Bruce Harmon, 534 Yellowjacket Road, Dayton, NV 89403; and
   b. Amanda Hightower, 142 Denio Drive, Dayton, NV 89403;

7.  Plaintiff subsequently effected service of co-Defendant Harmon at the last-known address supplied by Ms. Bittner (*see* ECF 015);

8.  However, Plaintiff was unsuccessful in his attempts to effect service of process on co-Defendant Hightower at the address supplied by Ms. Bittner, 142 Denio Drive, Dayton, NV 89403, which appears to be an invalid address for her (*see* ECF 016);

9.  Subsequently, our office retained the services of a private investigator to locate the current address of co-Defendant Hightower and to effect service of process on her at that address;

10. Based on the foregoing, and out of an abundance of caution, it is prudent to request additional time to effect service of process on Defendant Hightower, for which the extended-service deadline allowed by this Court will expire next week, on July 22, 2018; and

FURTHER DECLARANT SAYETH NAUGHT.

Pursuant to 28 U.S.C. § 1746, Declarant herein certifies, under penalty of perjury, that the foregoing is true and correct.

Executed on this 16th day of July 2018.

_[signature]_

Declarant William J. Geddes

2